UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIAN DAVID FILLMORE,

    Plaintiff,

        v.

AT&T MOBILITY SERVICES LLC;
CWA LOCAL 2336,

    Defendants.

Civil Action No. 15-661 (JEB)

### MEMORANDUM OPINON

*Pro se* Plaintiff Brian David Fillmore worked for Defendant AT&T Mobility Services LLC for nearly three years between early 2011 and his termination in early 2014. He has filed suit against both AT&T and his union, CWA Local 2336, asserting separate claims of age discrimination against each. Although AT&T has not yet been served, the union now moves to dismiss the Complaint with prejudice, arguing that Plaintiff has failed to state a claim upon which relief may be granted. Agreeing that his allegations against the union are insufficient, the Court will grant the Motion, but dismiss that Defendant without prejudice.

**I.    Background**

The Court, as it must in a case brought by a *pro se* plaintiff, considers the facts as alleged in both the Complaint and Plaintiff's Opposition to Defendant's Motion to Dismiss. See Brown v. Whole Foods, 789 F.3d 146, 152 (D.C. Cir. 2015) (court should consider "the facts alleged in all of [a *pro se* plaintiff's] pleadings" when evaluating a defendant's motion to dismiss). According to the former, Fillmore began working for AT&T as a Sales Support Representative (SSR) on January 16, 2011, and was promoted to Financial Service Representative (FSR) two

1

months later.  See Compl. at 2.  He initially worked at the AT&T store at Potomac Yards in Alexandria, Virginia, but transferred in March 2012 to the one in the Chinatown section of Washington, where he served as that location's FSR.  See id.  In May 2013, Plaintiff's supervisor – the Chinatown store manager – mandated that he attend counseling due to his inability to complete required job responsibilities – namely, an accurate count of phones and other store inventory.  See id. at 3; see also ECF No. 1 at 10 (Letter from Nickolas Parker).  The document notifying Plaintiff of the required counseling stated that failure to improve his job performance could result in further disciplinary procedures "up to and including dismissal."  Parker Letter at ECF p. 11.  In August 2013, AT&T informed its employees that all FSR positions and some SSR positions would be eliminated in January 2014.  See Compl. at 3.  On September 13, 2013, the union notified affected employees that they would be allowed to apply for open positions within AT&T and that employees facing active disciplinary procedures would be treated "as if they had clean discipline records."  Id.; see ECF No. 1 at 7 (Local 2336 Letter).

Fillmore took short-term disability leave from his job between August 25, 2013, and October 1, 2013.  See Compl. at 4.  Upon returning, he was again asked to conduct an inventory count of available phones and reported over three hundred missing, whereupon he was removed from inventory-counting responsibilities.  Id.  On November 12, 2013, he "informed [union] Executive VP Terrence Richardson" that a job applicant from outside the Company had been hired as an SSR at the Chinatown store while Plaintiff was "in jeopardy of being laid off."  Id.  Fillmore was suspended without pay on November 15, 2013, and subsequently "went to see Terrence & filed a grievance."  See id.  The exact substance of Plaintiff's grievance against AT&T is unclear and could concern the hiring of an outside applicant for the available SSR position, Plaintiff's suspension without pay, both incidents, or something entirely different.

2

Although the Complaint never explicitly mentions that he was subsequently terminated, Fillmore attaches a document from the D.C. Department of Employment Services, which is dated January 23, 2014, and states that AT&T fired him "due to investigation for 'fraudulently altering phone counts.'" ECF No. 1 at 12 (D.C. DOES Determination by Claims Examiner).

The Complaint alleges two separate counts of age discrimination, one against AT&T and one against Local 2336. The sole factual basis for the latter is unrelated to discharge; instead, Fillmore alleges that when he was suspended without pay, he "went to see Terrence & filed a grievance. Terrence had a duty to act and chose not to." Compl. at 4. Nothing further is alleged, and only in his Opposition do we find out Plaintiff's age – 48. See Opp. at 7. The union now moves to dismiss.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." In evaluating Defendant's Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). The notice-pleading rules are "not meant to impose a great burden upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and he must thus be given every favorable inference that may be drawn from the allegations of fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 584 (2007).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, id. at 555, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Twombly, 550 U.S. at 570). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n., 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)). For a plaintiff to survive a 12(b)(6) motion even if "recovery is very remote and unlikely," moreover, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-56 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In evaluating the sufficiency of Plaintiff's Complaint under Rule 12(b)(6), the Court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." Equal Emp't Opportunity Comm'n v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). Finally, the Court recognizes that *pro se* parties deserve a significant amount of leeway in their pleadings. See, e.g., Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999) ("Courts must construe *pro se* filings liberally."). The Court, accordingly, will afford Plaintiff "the benefit of the doubt and may ignore some technical shortcomings of [his] filings." Voinche v. FBI, 412 F. Supp. 2d 60, 70 (D.D.C. 2006).

### III. Analysis

Although never expressly mentioned in the Complaint, Plaintiff appears to base his claim against the union on the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* In addition to proscribing certain discriminatory acts taken by an employer, see § 623(a), the ADEA prohibits "labor organization[s]" from discriminating against their members. See § 623(c) ("It shall be unlawful for a labor organization—(1) to exclude or to expel from its membership, or

otherwise to discriminate against, any individual because of his age.") (emphasis added); Younger v. D.C. Pub. Sch., 60 F. Supp. 3d 130, 141 (D.D.C. 2014). To make out an ADEA claim against his union, a plaintiff must allege that "the union breached its duty of fair representation and that its actions were motivated by discriminatory animus." McIntyre v. Longwood Cent. School Dist., 380 Fed. App'x. 44, 49 (2d Cir. 2010); see also Gallop-Liverpool v. 1199 SEIU United Healthcare Workers East, No. 14-2879, 2014 WL 3897588, at *2 (E.D.N.Y. August 8, 2014) (applying same test as McIntyre in dismissing *pro se* plaintiff's claim that her labor union had violated ADEA in declining to file grievance on her behalf). Although a plaintiff is not required to expressly state that the discriminatory actions were taken because of his race, he must at a minimum present facts from which an "inference of discrimination" may be drawn. Czekalski v. Peters, 475 F.3d 360, 364 (D.C. Cir. 2007) (addressing pleading standards under Title VII) (quotation marks and citation omitted).

In this case, the only fact Plaintiff alleges to support his claim is that Terrence Richardson, the union official, "had a duty to act and chose not to." Compl. at 4. Even if such a cursory allegation was sufficient to establish a breach of fair representation, Plaintiff never claims that Richardson's decision was in any way related to his age. As there is thus no allegation of discriminatory animus, see McIntyre, 380 Fed. Appx. at 49, nor facts from which such an inference may be drawn, see Czekalski, 475 F.3d at 364, Plaintiff cannot sustain his claim of ADEA discrimination against the union.

## IV.  Conclusion

While age-discrimination claims should be construed liberally at the motion-to-dismiss stage, see Spaeth v. Georgetown Univ., 839 F. Supp. 2d 57, 62 (D.D.C. 2014), the Court cannot "create something out of nothing." Jianqing Wu v. Special Counsel, Inc., 54 F. Supp. 3d 48, 56 (D.D.C. 2014). It will thus dismiss Plaintiff's suit against the union. "The standard for

dismissing a complaint with prejudice is high," Belizan v. Hershon, 434 F.3d 579, 583 (D.C. Cir. 2006), however, and "dismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (quotation marks and citation omitted).  Since the Court cannot so determine, it will dismiss the union without prejudice.  A contemporaneous Order shall so state.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  October 22, 2015